**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RUI KAI FANG, | ) | Case No.: 2:11-cv-1890-GMN-PAL |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| BAC HOME LOANS SERVICING, LP, et al. | ) | |
| Defendants. | ) | |

Before the Court is Defendants Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, L.P. (BANA), Merscorp, Inc. and Mortgage Electronic Registration System's (MERS) Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 8). Plaintiff Rui Kai Fang did not file a response.

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal*." Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002).

Having considered the five factors this Court determines that this case should be

dismissed.

**IT IS HEREBY ORDERED** that Defendants Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, L.P., Merscorp, Inc. and Mortgage Electronic Registration System's Motion to Dismiss (ECF No. 8) is hereby **GRANTED**.  Plaintiffs' Complaint is **DISMISSED without prejudice**.

DATED this 18th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge